## ROUSE *v.* COURTRIGHT.

Limitation of Actions — Indebtedness Accrues at Date of Knowledge Thereof, When Statute Begins to Run.

> Where an attorney, after foreclosing a mortgage for a client, in whose name he bid in the property, executed a contract in his own name for the sale of a portion thereof, and received a down payment for which he never accounted, the indebtedness accrued to her at the time he assigned to her the contract, about two years after it was executed, when she first learned of the sale, rather than at the date of the sale, so that an action for the down payment brought within six years after the assignment is not barred by the statute of limitations.

Error to Bay; Houghton (Samuel G.), J.     Submitted April 19, 1928.     (Docket No. 43, Calendar No. 33,512.)     Decided July 24, 1928.

Assumpsit in justice's court by Freddalena Rouse against Morris L. Courtright for money had and received.     There was judgment for plaintiff, and defendant appealed to the circuit court.     Judgment for de-

fendant on a directed verdict.    Plaintiff brings error.
Reversed.

*A. H. McMillan,* for appellant.

*M. L. Courtright, in pro. per.*

SHARPE, J.    Defendant, an attorney at law, foreclosed a real estate mortgage for plaintiff by advertisement, and at the sale, held on October 19, 1918, bid in the premises in her name.    No redemption was had.    It appears that on October 28, 1918, nine days after the sale, the defendant executed a contract to sell a portion of the land to one August Reskey for $3,500, payable $300 in cash and $300 each year thereafter.    On December 21, 1920, defendant delivered an assignment of this contract to plaintiff.    She accepted it, and the purchaser made payments to her thereafter.    Defendant had received the down payment and also $140 paid to him by Reskey on or about March 30, 1920.    On April 2, 1920, defendant paid plaintiff $140.    On being asked, "Will you state whether or not you knew at the time this $140 was paid you it was in reference to this matter?" she answered, "No, I couldn't find out from Mr. Courtright where it was from; he told me not to worry; I was always worrying, and he said not to worry; it was all right."    She testified that at that time she had no knowledge that defendant had sold the land to Reskey, and did not learn of it until after the contract was assigned and delivered to her on December 21, 1920. She brings this action to recover the $300.    She had judgment in justice's court.    Defendant appealed to the circuit court.    Upon the trial, after proof of the facts above stated, defendant moved for a directed verdict on the ground that plaintiff's claim was barred by the statute of limitations.    This motion was granted, and judgment entered for defendant.    Plaintiff seeks review by writ of error.

It is defendant's claim that the statute of limitations began to run on his receipt of the $300 on October 28, 1918, and, as this action was not commenced until March 31, 1926, plaintiff's right to recover was barred thereby. In our opinion, it is a sufficient answer to this claim to say that as the defendant had entered into the contract with Reskey in his own name, and not as agent or attorney for the plaintiff, and had not advised her that the sale was made by him for her, his indebtedness to her for the $300 did not accrue until the date of the assignment and delivery of the contract to her, December 21, 1920, less than six years before this action was begun.

The judgment is reversed, with costs to plaintiff, and a new trial ordered.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.